```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

JEFFREY J. MOORE and
SANDRA J. MOORE,

    Plaintiffs,

v.                                       Civil Action No. 1:12CV123
                                                             (STAMP)

EQUITRANS, L.P.,
a Pennsylvania limited
partnership,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO STAY,
GRANTING AS FRAMED DEFENDANT'S MOTION TO SCHEDULE
STATUS AND SCHEDULING CONFERENCE AND
SCHEDULING STATUS AND SCHEDULING CONFERENCE
AND HEARING ON BOND AMOUNT**

    I.    Procedural History

    The plaintiffs, Jeffrey J. Moore and Sandra J. Moore ("the Moores"), initially brought this action in the Circuit Court of Marion County, West Virginia, against the defendant, Equitrans, L.P. ("Equitrans"). The defendant subsequently removed this action to this Court based on diversity jurisdiction. This case was tried by jury and the jury, by its verdict, found in favor of the plaintiffs, specifically that the defendant either committed a trespass upon the plaintiffs' property or breached its contract with the plaintiffs.

    This verdict led the defendant to file a motion to stay execution and motion for status and scheduling conference. Those motions are now fully briefed. Further, both parties have

submitted their version of proposed judgments and the parties have made objections thereto. Prior to entering this order, this Court has entered a separate judgment.

## II. Facts

At trial, the plaintiffs alleged that predecessors of the defendant and the plaintiffs entered into a valid right-of-way agreement to place a 16-inch pipeline (what the parties call the "H-557 pipeline") on the plaintiffs' property. However, the plaintiffs claimed that the defendant breached that contract and trespassed by constructing approximately 700 feet of pipeline off of the designated route in the right-of-way agreement. The jury found that the defendant had either breached the right-of-way agreement or trespassed. By way of relief, the plaintiffs now seek an ejectment order for the removal of the pipeline from their property.

The defendant is now seeking a stay so that it has the opportunity to file a condemnation action relating to the subject property pursuant to the Natural Gas Act. Natural Gas Act, §§ 1 et seq.; 15 U.S.C. §§ 717 et seq. The defendant argues that all of the elements required to condemn are met as (1) the defendant is a holder of a certificate of public convenience and necessity, (2) the defendant now needs to acquire an easement right-of-way agreement to maintain the pipeline (given the jury's verdict), and (3) the defendant has been unable to acquire the right-of-way

agreement as the plaintiffs' current monetary demand for the property is unreasonable. The defendant thus argues that the plaintiffs' claim for ejectment will be mooted by a finding in the defendant's condemnation action and a stay should be granted. Further, the defendant argues that a stay will avoid irreparable injury to the defendant and the public at large. Finally, the defendant indicates that it believes that ejectment is not an appropriate remedy but that the Court need not make such a determination at this time.

In its separate motion for a status and scheduling conference, the defendant seeks a conference for the purpose of issuing an order staying the execution of judgment and to address any other issues regarding the stay.

In response, the plaintiffs argue that the defendant's motion to stay is premature because (1) a judgment requiring ejectment has not been entered and (2) the defendant has not posted or proposed security. Further, the plaintiffs assert that the defendant has failed to carry its burden of proving that a stay is required.

First, the plaintiffs contend that the defendant cannot show it would be successful in a condemnation action because (1) the defendant already has an express right-of-way agreement; (2) the defendant's wrongful conduct, failing to negotiate a right-of-way agreement with the plaintiffs and/or initiate condemnation proceedings before relocating the pipeline, defeats the defendant's

3

current claim of condemnation; and (3) the condemnation would violate the plaintiffs' due process rights. Next, the plaintiffs assert that there is no evidence of irreparable harm to the defendant that justifies a stay which is evidenced by the defendant's previous repairs done in 1996 that did not lead to significant service interruptions. Further, the plaintiffs contend that public policy favors following the law rather than trespassing and ejectment would not detrimentally affect service. Finally, the plaintiffs argue that a stay would unfairly harm the plaintiffs given the time and expense that has already been expended litigating this case.

As to the motion for a status and scheduling conference, the plaintiffs argue that a conference is unnecessary as it presumes that the Court will deny the motion to stay.

In its reply, the defendant asserts that the motion to stay is not premature as the jury found a breach of contract or trespass. Thus, the defendant argues that this Court may still consider the fact that monetary damages would provide the plaintiffs with complete relief and avoid the significant costs associated with ejectment. Further, the defendant asserts that a stay at this time is more efficient because a successful condemnation action would require the plaintiffs to forego any ejectment request. Additionally, the defendant contends that ejectment at this point would cause significant monetary losses and costs to the defendant

4

whereas the plaintiffs cannot show any unfair prejudice if the stay is granted. The defendant supports this contention by arguing that the portions of the pipeline that the plaintiffs are seeking to eject have been there since 1996, are buried underground, and do not obstruct or interfere with the plaintiffs' day-to-day activities.

For the reasons that follow, this Court finds that a judgement as framed should be entered, the defendant's motion to stay should be granted, and that the defendant's motion for a status and scheduling conference should be granted as framed.

### III. Applicable Law

It is well settled law that federal district courts possess the ability to, under their discretion, stay proceedings before them when the interests of equity so require. Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 125 (4th Cir. 1983). While no such power has been expressly promulgated by statute or by the Federal Rules of Civil Procedure, it is inherent within the courts' "general equity powers and in the efficient management of their dockets to grant relief." Id. Still, this power is not unfettered. A party seeking a stay must sustain the heavy burden of justifying it by showing that clear and convincing circumstances support a stay. Landis v. North American Co., 299 U.S. 248, 254-55 (1936). Further, the Court must weigh the equities when deciding whether to grant a stay, and must also consider the interests of

judicial economy and the desire for "the orderly and expeditious disposition of cases." See Link v. Wabash R. Co., 370 U.S. 626, 630 (1962).

IV. Discussion

A. Applicability of Rule 62(b)

The plaintiffs argue that the defendant's motion is premature as a judgment has not been entered. This Court, prior to entering this order, has entered a judgment. As such, this argument is without merit.

The plaintiffs also assert that because the defendant has not posted or proposed security under Federal Rule of Civil Procedure 62(b), that its motion to stay should be denied.

Rule 62(b)(2) states the following:

> On appropriate terms for the opposing party's security, the court may stay the execution of a judgment--or any proceedings to enforce it--pending disposition of [a motion]. . . under Rule 52(b), to amend the findings or for additional findings . . . .

Further, "Rule 62 taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for a new trial." Int'l Wood Processors v. Power Dry, Inc., 102 F.R.D. 212, 214 (D. S.C. 1984) (citing Marcelletti & Sons Construction Co. v. Millcreek Township Sewer Authority, 313 F. Supp. 920, 928 (W.D. Pa. 1970); Van Huss v. Landsberg, 262 F. Supp. 867, 870 (W.D. Mo. 1967). Otherwise, "the burden is on [the] defendant[ ] to demonstrate affirmatively that

posting a bond or providing adequate security is impossible or impractical." Id. (citations omitted).

This Court finds that a bond must be posted if a stay is granted and before any stay can take effect. This Court also finds that the defendant's motion may still be granted despite the fact that the defendant has not posted a bond or provided adequate security. To the contrary, this Court finds that because the defendant has not demonstrated that posting a bond or providing security would be impossible or impractical, the defendant has conceded that a bond must be posted.

Moreover, this Court finds that it must construe the defendant's motion to stay as a dual motion for a stay and a motion pursuant to Rule 52(b), to amend findings or for additional findings. The defendant requests in its motion that additional findings be made regarding condemnation. Absent the plaintiff's arguments above as to prematurity, both parties agree that Rule 62(b) should apply and, accordingly, this Court finds that it does apply. This Court must therefore determine what an appropriate bond amount would be in this case if it determines that a stay should be granted within this Court's discretion.

B.  Interests of the Parties

The plaintiffs assert that the four-part test from Long v. Robinson, 432 F.2d 979 (4th Cir. 1970), is applicable in this case. However, that test is applicable when a party is seeking a stay of

7

the execution of a judgment while the case is being appealed. Id. at 979. The defendant is not seeking such a stay and is not, at this time, appealing the judgment. Rather, the defendant is seeking a stay of the execution of a judgment while further proceedings and findings are made regarding the outcome of the jury trial, namely to allow the defendant to initiate an appropriate condemnation action regarding the subject property. Thus, the four-part test set out in Robinson is not applicable to this case. Rather, this Court must consider and weigh the interests of the parties and the interest of judicial economy. Williford, 715 F.2d at 125.

The defendant argues that it now meets the three requirements for condemnation under the Natural Gas Act: (1) it is a holder of a certificate of public convenience and necessity (the defendant provided proof through its exhibits); (2) it needs to acquire an easement, right-of-way, land, or other property necessary to the operation of its pipeline system; and (3) it has been unable to acquire those interest from the owner.[1] This Court previously held

---

[1] Title 15, United States Code, Section 717f(h), "Right of eminent domain for construction of pipelines, etc." states as follows:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the

8

that this issue would not arise until the defendant was found to have trespassed and/or breached the right-of-way agreement, as only then the defendant would no longer have an agreement with the plaintiffs and thus would qualify for condemnation under the Natural Gas Act. ECF No. 55. Given the judgment, this Court has now entered, this Court finds that its previous finding in its order denying the parties' motions for summary judgments now applies. This Court further made such a finding in light of the United States District Court for the District of Kansas's findings in <u>Humphries v. Williams Natural Gas Co.</u>, 48 F. Supp. 2d 1276, 1282 (D. Kan. 1999), which the plaintiffs raise in their attempt to block the motion to stay. In considering that case, this Court still found that "the defendant would be unable to use § 717f(h) at this time, but would rather only be able to raise condemnation if this Court found that the defendant trespassed, and the only relief

---

> location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: Provided, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

15 U.S.C. § 717f(h).

available was to eject the defendant from the plaintiffs' property." ECF No. 55 at 35. Thus, the defendant has an interest in pursuing condemnation proceedings given the judgment that has been entered.

Moreover, this Court has an interest in staying the judgment pending a finding regarding condemnation. This Court would be required to consider further questions regarding ejectment and would have to determine whether ejectment was a proper remedy versus monetary damages. Ejectment has been held to be a proper equitable remedy where it is possible that the plaintiff could recover a money judgment, but that he would not be afforded complete relief by such a recovery. Tate v. United Fuel Gas Co., 71 S.E.2d 65, 70 (W. Va. 1952). This finding was not made by the jury nor has such a finding been made by this Court. Thus, this Court would be required to consider such an issue whereas a condemnation proceeding may dispose of such an issue.

Further, the plaintiffs have not provided any reason why ejectment is the best remedy in this action. The plaintiffs only recently learned that the pipeline had been misplaced and had been living with the pipeline in its current location since 1996. Thus, this Court cannot find that the plaintiffs' interest in the remedy of ejectment outweighs the other interests cited above. Accordingly, this Court finds that a stay must be granted.

C.  <u>Motion for a Status and Scheduling Conference</u>

The defendant has also requested a status and scheduling conference regarding its motion to stay.  This Court finds that it would be beneficial to hold a hearing regarding the bond amount and the defendant's plans regarding condemnation proceedings.  As such, the defendant's motion for a status and scheduling conference will be granted as framed.

V.  <u>Conclusion</u>

Based on the analysis above, the defendant's motion to stay is GRANTED.  The judgment of this Court is therefore STAYED.  Further, the defendant's motion to schedule a status and scheduling conference is GRANTED AS FRAMED.

The parties are further DIRECTED to appear by counsel for a status and scheduling conference and hearing on bond amount on **May 18, 2015 at 11:15 a.m.** in the chambers of Judge Frederick P. Stamp, Jr., Federal Building, 1125 Chapline Street, Wheeling, West Virginia 26003.  The parties are DIRECTED to meet and confer prior to this hearing to discuss a proper bond amount and the defendant's plans regarding condemnation proceedings.  The stay will not take effect until a suitable bond has been given by the defendant.

Further, the Court will permit those out-of-town attorneys having their offices further than forty (40) miles from the Wheeling point of holding court to participate in the conference by telephone.  However, any such attorney shall advise the Court as

soon as possible prior to the conference of his or her intention to participate by telephone and shall (1) inform all counsel of his or her appearance by telephone; (2) confer with other out-of-town attorneys to determine if they wish to appear by telephone; (3) advise the Court of the name of the attorney who will initiate the conference call and all such attorneys appearing by telephone; and (4) initiate a timely conference telephone call with such attorneys to the Court at 304/233-1120 at the time of the scheduled conference. If the attorneys cannot reach agreement as to the initiator of the call, the Court will make that determination.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: May 6, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE