IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFFERY J. MOORE and
SANDRA J. MOORE,

    Plaintiffs,

v.                                    Civil Action No. 1:12CV123
                                               (STAMP)
EQUITRANS, L.P.,
a Pennsylvania limited
partnership,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO LIFT STAY**

    I.  Procedural History

The plaintiffs ("the Moores") brought this civil action alleging breach of contract and trespass. The defendant, Equitrans, L.P. ("Equitrans"), entered into a right-of-way agreement in 1960 to place a sixteen-inch pipeline on the Moores' property. The Moores claimed that Equitrans breached that contract and trespassed on the Moores' property by constructing approximately 700 feet of pipeline outside of the 1960 right-of-way. After a trial, the jury returned a verdict in favor of the Moores, finding that Equitrans either violated the 1960 right-of-way agreement or trespassed by constructing various portions of the pipeline (approximately 0.56 acres) outside of the 1960 right-of-way. However, the Moores elected the remedy of ejectment rather than monetary damages. Equitrans filed a motion to stay execution of the judgment so it could seek condemnation of the right-of-way

under the Natural Gas Act. This Court granted the motion to stay, contingent on a bond being posted. Before entering that order, this Court entered a judgment order finding that Equitrans's actions constituted a breach of contract or a trespass. However, that judgment order did not include a finding that ejectment was the proper remedy, but only that ejectment was a possible remedy. Equitrans then posted a bond agreed upon by the parties, and this Court stayed the action "until such time as the condemnation action is resolved or until further order of this Court." ECF No. 112 at 2. Equitrans filed its condemnation action, which is pending before this Court. See Civil Action No. 1:15CV106. The trial for the condemnation action is set for June 21, 2016. The Moores then filed this motion requesting that the stay be lifted.

## II. Applicable Law

District courts possess inherent power to stay litigation proceedings. See Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The exercise of this power is committed to the sound discretion of the adjudicating court. See Am. Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 97 (4th Cir. 1996). Generally, where a court has granted a stay, the terms of the stay order will govern the lifting of the stay. See Bryte v.

Am. Household, Inc., 142 F. App'x 699, 704 (4th Cir. 2005) ("[T]he stay . . . will be lifted by the terms of the stay order."); Cnty. Sch. Bd. of York Cnty., Va. v. A.L., No. 4:03CV174, 2007 WL 756586, *2 (E.D. Va. Mar. 6, 2007) ("[T]he lifting of a stay is governed by the terms of the order granting the stay."). Thus, a stay order may set forth a triggering event which would automatically lift the stay. See Cnty. Sch. Bd. of York Cnty., Va., 2007 WL 756586, *2 (E.D. Va. Mar. 6, 2007). However, a court may lift the stay before the occurrence of the triggering event identified in the stay order if developments in the case justify the lifting of the stay while it is in force. See In re Beebe, 56 F.3d 1384, *3 (5th Cir. 1995) (citing Landis, 299 U.S. at 258) (observing that courts should reconsider the fairness of a stay order in light of new developments to determine "whether the equities continue to justify a stay"). In making such a determination, a court must weigh the equities and consider the interests of judicial economy and the desire for "the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962).

### III. Discussion

This Court's order staying this civil action provides that the stay will end upon the resolution of the condemnation action. It is undisputed that the condemnation action is still pending. Rather, the Moores argue that this Court should lift the stay in this case for two reasons. First, the Moores argue that this

3

Court's memorandum opinion and order denying the Moores' motion to dismiss Equitrans's condemnation complaint constitutes a significant change in this civil action because it effectively denies the Moores' request for ejectment. However, in this Court's denial of the Moores' motion to dismiss the condemnation action, this Court simply concluded that Equitrans stated a claim for condemnation under the Natural Gas Act. There is no judgment yet in the condemnation action that would definitively affect this civil action. Thus, judicial economy will be best served by reserving a determination on the proper remedy in this civil action until the condemnation action is fully resolved.

Second, the Moores argue that the stay in this civil action has "resulted in an inequity to the Moores" because allowing the condemnation claim has deprived the Moores of the ejectment remedy. The Moores note that they cannot seek damages for the breach of contract or trespass in the condemnation action because they are entitled only to the fair value of the right-of-way. However, this Court expressly reserved a determination on whether ejectment is a proper remedy in this civil action until the condemnation action is fully resolved. The Moores will not be prejudiced by continuing the stay because this Court has not made a determination about what remedy may be appropriate in this civil action. Further, judicial economy will be best served by continuing the stay until the condemnation action is fully resolved, as compensation for the

4

right-of-way in the condemnation action may fully compensate the Moores in this action.

Additionally, Equitrans argues that this Court should not lift the stay because the Moores seek to claim monetary damages, a remedy that Equitrans argues was abandoned by the Moores and that judicial estoppel bars the Moores from requesting damages. However, this Court need not make a determination at this time regarding whether the Moores may now seek monetary damages, as the stay will remain in place. This Court continues to reserve a determination on the appropriate remedy until the stay is lifted.

## IV. Conclusion

The balance of the equities and the interests of judicial economy weigh in favor of continuing the stay of this civil action. Accordingly, the plaintiffs' motion to lift the stay (ECF No. 116) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    March 29, 2016

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE