IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFFERY J. MOORE and
SANDRA J. MOORE,

    Plaintiffs,

v.                              Civil Action No. 1:12CV123
                                        (STAMP)
EQUITRANS, L.P.,
a Pennsylvania limited
partnership,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION
TO AMEND JUDGMENT AND MAINTAINING STAY
AND DENYING REQUEST FOR SANCTIONS**

I. Procedural History

The plaintiffs ("the Moores") brought this civil action alleging breach of contract and trespass, alleging that the defendant, Equitrans, L.P. ("Equitrans"), constructed portions of a natural gas pipeline outside of a right-of-way agreement from 1960. After a trial, the jury returned a verdict in favor of the Moores, finding that Equitrans either violated the 1960 right of way agreement or trespassed by constructing various portions of the pipeline (approximately 0.56 acres) outside of the 1960 right of way. However, the Moores had withdrawn claims for monetary damages and sought only ejectment. Equitrans filed a motion to stay execution of the judgment so it could pursue condemnation of the right of way under the Natural Gas Act, 15 U.S.C. § 717f(h). This Court granted that motion and stayed this civil action pending

Equitrans' condemnation action. Before entering the stay, this Court entered a judgment order finding that Equitrans' actions constituted a breach of contract *or* a trespass. However, that judgment order did not include a finding that ejectment was the proper remedy, but only that ejectment was a possible remedy.

Equitrans then filed its condemnation action, in which a judgment has been entered and to which the Moores have noticed an appeal. See 1:15CV106. The Moores then filed this motion to amend the judgment in this civil action under Federal Rule of Civil Procedure 59(e) or, alternatively, to lift the stay. Specifically, the Moores ask this Court to enter a judgment for ejectment or to lift the stay and allow the Moores to seek damages through a trial on damages.

## II. Applicable Law

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id.

A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use this motion to ask the court to "rethink what the court ha[s] already thought through—rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

### III. Discussion

This Court believes that it would be beneficial to maintain the stay of this civil action pending the appeal in the condemnation action because the outcome of that appeal will determine the available remedies in this civil action. Thus, at this time, this Court finds no grounds for amending the judgment.

The Moores argue that this Court should enter a judgment for ejectment because the judgment in the condemnation action is not sufficient to compensate the Moores for the trespass and, thus, is not an adequate remedy. In the condemnation action, the Moores seek to appeal this Court's ruling, among others, that Equitrans had the power to condemn under the Natural Gas Act. If the Moores prevail in their appeal, ejectment may be a proper remedy in this civil action. However, if the judgment is affirmed, ejectment will not be an available remedy here because Equitrans will have title to the subject right of way. Further, this Court notes that the judgment in the condemnation action is for the amount of just compensation for the taking of the right of way and does not serve

3

as a remedy for Equitrans' prior trespass. Humphries v. Williams Natural Gas Co., 48 F. Supp. 2d 1276, 1279 n.3 (D. Kan. 1999). However, because these matters are dependent upon the outcome of the Moores' appeal in the condemnation action, this Court will not rule on this issue at this time.

Alternatively, the Moores ask this Court to lift the stay and allow the parties to proceed with a trial on damages. However, if the Moores prevail on their appeal in the condemnation action, the Moores may be able to continue to seek ejectment. Thus, this issue is not yet ripe and will be best determined after the appeal in the condemnation action. Further, this Court notes that the issue of whether the Moores may now elect damages as their remedy presents several legal questions that will be best determined after the appeal in the condemnation action. Specifically, it is not clear whether, under Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), federal procedural law rather than West Virginia law applies to the sequencing of the Moores' remedy election, see Homeland Training Ctr., LLC v. Summit Point Auto. Res. Ctr., 594 F.3d 285, 293 n.1 (4th Cir. 2010), or whether the Moores are judicially estopped from seeking damages. These issues will be best decided, if a decision is required at all, after the appeal in the condemnation action is resolved and the parties have had an opportunity to completely present arguments on these matters.

Finally, in its response Equitrans requests sanctions for costs and fees incurred in responding to the Moores' motion. However, this Court finds no basis for imposing sanctions and Equitrans' request is DENIED.

IV. Conclusion

For the above reasons, the Moores' motion to amend the judgment (ECF No. 121) is DENIED WITHOUT PREJUDICE. The stay of this civil action shall remain in place pending the appeal in the condemnation action (1:15CV106). Further, Equitrans' request for sanctions is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: April 21, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE